UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ALEXANDRIA AVILA,**

    Plaintiff,

v.                                              Case No: 5:25-cv-406-JSM-PRL

**SECRETARY, DEPARTMENT OF
HOMELAND SECURITY and
ACTING DIRECTOR, U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,**

    **Defendants.**

---

### REPORT AND RECOMMENDATION[1]

This cause, upon referral, comes before the Court on Defendants' Motion to Dismiss. (Doc. 10). Defendants move to dismiss Plaintiff's Complaint Seeking Review of Final Agency Action Pursuant to the Administrative Procedure Act and Alternative Request for Issuance of Writ of Mandamus ("Complaint") (Doc. 1), pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 10 at p. 1). Plaintiff filed a response in opposition to Defendants' motion to dismiss. (Doc. 13). For the reasons explained below, I submit that Defendants' motion to dismiss be granted under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and the case be dismissed.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

I. **BACKGROUND**

Plaintiff Alexandria Avila brings this action seeking judicial review under the Administrative Procedure Act ("APA") and the Mandamus Act against the Secretary of the Department of Homeland Security ("DHS") and the Acting Director of United States Citizenship and Immigration Services ("USCIS") (collectively, the "Defendants"), challenging USCIS's denial of her Form I-765, Application for Employment Authorization ("Subject Form I-765"). (Doc. 1). Plaintiff's Complaint requests that the Court review the Subject Form I-765 denial under the APA, or alternatively, compel proper adjudication of Plaintiff's Subject Form I-765 pursuant to the Mandamus Act. (*Id.* at ¶¶ 9, 29-31).

Plaintiff is a citizen of Mexico, currently residing in Lake County, Florida, and the unmarried child of Siri Costello Avila, who is Plaintiff's adoptive mother and a United States citizen. (*Id.* at ¶¶ 1, 8, 10; Doc. 13 at p. 1). Siri Costello Avila filed a Form I-130, Petition for Alien Relative ("Form I-130")[2] on Plaintiff's behalf, and Plaintiff filed a Form I-485, Application to Register for Permanent Residence or Adjust Status ("Form I-485") to USCIS on March 18, 2016. (Doc. 1 at ¶¶ 11, 13; Doc. 1-3 at pp. 2, 7). USCIS approved the Form I-130, but denied the Form I-485 on May 4, 2018. (Doc. 1-3 at pp. 2, 8-9; Doc. 1 at ¶¶ 11, 13; Doc. 13 at p. 2).[3]

On January 30, 2019, after USCIS denied Plaintiff's Form I-485, DHS issued a Form I-862, Notice to Appear, initiating removal proceedings against Plaintiff. (Doc. 1-3 at pp. 2,

---

[2] "The purpose of an I-130 is to establish that there is a legal relationship between the petitioner and the beneficiary of the I-130, such that the beneficiary is entitled to apply for a change or adjustment of status based on that legal relationship." *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1194 n.6 (11th Cir. 2008). An approved Form I-130 allows an alien to apply to adjust their status to that of a lawful permanent resident. *See Del Valle v. Sec'y of State, U.S. Dep't of State*, 16 F.4th 832, 835-36 (11th Cir. 2021) (citing 8 U.S.C. § 1255(a)).

[3] Plaintiff specifies in the Complaint that the denied Form I-485 is not the subject of the Complaint. (Doc. 1 at ¶ 13).

10-11; Doc. 13 at p. 2). In response, on July 17, 2020, Plaintiff moved to renew her denied Form I-485, filing a Notice of Filing Application to Register Permanent Residence or Adjust Status ("NOF") before the United States Department of Justice Executive Office for Immigration Review ("EOIR"). (Doc. 1 at ¶ 18; Doc. 1-3 at pp. 2, 12-13; Doc. 13 at p. 2).

On August 9, 2021, while her removal proceedings were pending before the EOIR,[4] Plaintiff filed a Form I-765, Application for Employment Authorization ("Initial Form I-765"). (Doc. 13-1 at p. 2). USCIS approved the Initial Form I-765 on April 18, 2023, providing for periods of employment from April 18, 2023 to April 17, 2025. (*Id.*). On March 14, 2025, Plaintiff filed the Subject Form I-765, seeking to renew her employment authorization, and applying under 8 C.F.R. § 274a.12(c)(9). (Doc. 1 at ¶ 20; Doc. 1-2 at p. 2; Doc. 1-3 at pp. 2-3).

On April 8, 2025, USCIS denied Plaintiff's Subject Form I-765 and notified Plaintiff that USCIS mailed her a notice explaining their decision. (Doc. 1 at ¶ 21; Doc. 1-1 at p. 2). Plaintiff then filed this action against Defendants shortly thereafter, on June 29, 2025. (*See generally* Doc. 1). On September 9, 2025, USCIS issued a written decision denying Plaintiff's Subject Form I-765, explaining that she was no longer eligible for employment authorization because the underlying Form I-485 had been denied on May 4, 2018. (*See* Doc. 10-1). The decision stated, in part:

> Our records indicate that your Form I-485 was denied on May 4, 2018. Since you no longer have a pending Form I-485, you are not eligible for employment authorization based on the pending application. Therefore, we have denied your Form I-765. This decision has no effect on future applications you may file with USCIS.

---

[4] Plaintiff currently remains in the United States as her removal proceedings are ongoing. (Doc. 1 at ¶ 16; Doc. 13 at p. 2). At all times relevant to this action, removal proceedings remain pending against Plaintiff before the EOIR.

(*Id*. at p. 1).

Defendants now move to dismiss Plaintiff's Complaint, arguing that the Court lacks subject matter jurisdiction and that the Complaint fails to state a claim upon which relief can be granted. (Doc. 10). Defendants assert that Plaintiff is not entitled to review under the APA because the APA precludes judicial review of discretionary agency action, and USCIS's decision to deny Plaintiff's Subject Form I-765 was a discretionary decision committed to the agency by law. (*See id*. at pp. 3-5). Defendants further assert that mandamus relief is not appropriate because the decision to grant or deny a Form I-765 does not involve a clear nondiscretionary duty. (*See id*. at p. 6).

In opposition, Plaintiff asserts that USCIS did not, in fact, exercise discretion in denying the Subject Form I-765, and made an incorrect legal determination that Plaintiff was not eligible for employment authorization under 8 C.F.R. § 274a.12(c)(9). (*See* Doc. 13 at pp. 5-6, 8, 16). Plaintiff argues that USCIS ignored the evidence establishing that she had a pending Form I-485 application before the EOIR in her removal proceedings, where she moved to renew her denied Form I-485. (*See id*. at p. 5). Plaintiff does not address the Mandamus Act in her response in opposition, and whether mandamus relief is appropriate in this instance.

Because the undersigned agrees that the Complaint should be dismissed for lack of subject matter jurisdiction and Defendants' subject matter jurisdiction arguments are dispositive, the undersigned will not reach Defendants' failure to state a claim argument.

II.   **LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the

Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *See Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). The party seeking to invoke the court's jurisdiction "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). If a court lacks jurisdiction, its "only remaining function is to announce that [it] lack[s] jurisdiction and dismiss the cause." *See Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) (citation omitted); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.") (citing *Univ. of So. Ala.*, 168 F.3d at 409-10); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may move to dismiss a case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss may facially or factually challenge a plaintiff's complaint for lack of subject matter jurisdiction. *See Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997); *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *McElmurray*, 501 F.3d at 1251 (citation and internal quotation marks omitted). Conversely, a factual attack "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings,

and matters outside the pleadings, such as testimony and affidavits, are considered." *See id*. (citation and internal quotation marks omitted).

### III.  DISCUSSION

#### A. The Administrative Procedure Act

Plaintiff contends that this Court may review the denial of her Subject Form I-765 under the APA (Doc. 1 at ¶¶ 4, 9, 27-31; *see* Doc. 13 at p. 5), which generally allows a court to set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[,]" *see* 5 U.S.C. § 706(2)(A). Section 702 of the APA provides that "[a] person suffering legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *See* 5 U.S.C. § 702; *see also* 5 U.S.C. § 551(13) (defining "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act"). "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. U.S. Bureau of Citizenship & Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014) (per curiam) (citing *Califano v. Sanders*, 430 U.S. 99, 105-07 (1977)). Review under the APA, however, is not available where agency action is "committed to agency discretion by law." *See* 5 U.S.C. § 701(a)(2); *Dep't of Commerce v. New York*, 588 U.S. 752, 771 (2019) (noting that "[r]eview is not available . . . 'to the extent that' . . . the agency action is 'committed to agency discretion by law'") (quoting 5 U.S.C. § 701(a)(2)).[5] "Agency action is committed to agency discretion by law where the relevant

---

[5] Dovetailing with the jurisdictional limitations of the APA, the Immigration and Nationality Act ("INA") "also contains a jurisdiction-stripping provision[,] . . . [which] provides that 'no court

statute or regulation is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion, . . . and there is [thus] no law to apply." *See Kondapally v. U.S. Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 10, 25 (D.D.C. 2021) (internal citations and quotation marks omitted).

Specifically, with respect to USCIS's decision to either grant or deny an I-765 application, "Congress has neither directly addressed nor mandated the issuance of employment authorization documents to noncitizen workers. Rather, employment authorization for aliens is 'purely [a] creature[] of regulation.'" *See id.* at 26 (quoting *Perales v. Casillas*, 903 F.2d 1043, 1048 (5th Cir. 1990)); *Villafranca v. Cowan*, No. CV B-18-39, 2018 WL 8665002, at *9 (S.D. Tex. July 3, 2018), *report and recommendation adopted*, No. 1:18-cv-039, 2018 WL 8665000 (S.D. Tex. Aug. 16, 2018) ("[T]here is no statute specifically mandating the issuance of employment authorizations to immigrant aliens.") (citing *Perales*, 903 F.2d at 1048-49). As a result, there is no statute providing a standard for a court to apply when reviewing a plaintiff's challenge of a denial of an I-765 application. *See Kondapally*, 557 F. Supp. 3d at 26.

When there is no statutory authority, "[j]udicially manageable standards supporting review [can] also . . . be found in formal and informal policy statements and regulations." *See id.* (citation omitted); *see also Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987) ("It is well settled that an agency, even one that enjoys broad discretion, must adhere to voluntarily adopted, binding policies that limit its discretion.") (citing *Vitarelli v. Seaton*, 359 U.S. 535,

---

shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the[ir respective] discretion,' other than the decision whether to grant asylum." *See Bestman v. Dep't of Homeland Sec.*, No. CV 20-564 (TJK), 2025 WL 358764, at *4 (D.D.C. Jan. 31, 2025) (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)). To this end, "both the APA and INA divest courts of 'jurisdiction over discretionary agency action,' including those of USCIS." *See id.* (quoting *Beshir v. Holder*, 10 F. Supp. 3d 165, 171 (D.D.C. 2014)).

539 (1959)). But in this case, the underlying immigration regulations guiding the process of issuing employment authorization documents to aliens "do not set out any such standards. . . . by which a court may assess the merits of a denial of an I-765 application." *See Kondapally*, 557 F. Supp. 3d at 26; *see generally* 8 C.F.R. § 274a.12; *cf. Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1398 (D.C. Cir. 1995) (finding judicially manageable standards in a statute, stating that an agency "may excuse a failure to file . . . if it finds it to be in the interest of justice").

As relevant here, "[a]n alien who has filed an [I-485] application for adjustment of status to lawful permanent resident," *see* 8 C.F.R. § 274a.12(c)(9), is a member of a class of aliens who "must apply for work authorization," *see* 8 C.F.R. § 274a.12(c), as opposed to being automatically entitled to it. *See Kondapally*, 557 F. Supp. 3d at 15, 19 (explaining that 8 C.F.R. § 274a.12(c)(9) permits an alien to file a Form I-765 "[d]uring the pendency of the I-485 application," and that a pending I-485 application is "a prerequisite for work authorization"); *Amrani v. Secretary, Dep't of Homeland Sec.*, No. 5:25-cv-308-JA-PRL, 2025 WL 3653594, at *3 (M.D. Fla. Dec. 17, 2025) (stating that "8 C.F.R. § 274a.12(c)(9) does not speak to USCIS's obligations or procedures to determine an alien's eligibility to apply for employment authorization[,]" but rather, "[i]t merely states that an alien 'must apply' for employment authorization if he has a properly pending 'application for adjustment of status'"). The immigration regulations further provide that "[t]he approval [or denial] of [I-765] applications filed under 8 C.F.R. § 274a.12(c) . . . are *within the discretion of USCIS*[,]" without any textual limitation on that discretion. *See* 8 C.F.R. § 274a.13(a)(1) (emphasis added); *see also Kondapally*, 557 F. Supp. 3d at 15 (recognizing that the process to adjudicate an I-765 application "is mentioned nowhere in the INA"). Indeed, the regulatory provisions do "not list any standards by which a court could measure the sufficiency of the validity

period, and in fact expressly reserve[] such determinations for USCIS." *See Kondapally*, 557 F. Supp. 3d at 26 (citing 8 C.F.R. § 274a.12(c)); 8 C.F.R. § 274a.12(c) ("USCIS, *in its discretion*, may establish a specific validity period for an employment authorization document, which *may* include any period when an administrative appeal or judicial review of an application or petition is pending.") (emphasis added).

"Consequently, courts have routinely held that approving or denying the I-765 application, . . . and deciding whether to extend the EAD period to encompass the pendency of any review, are decisions committed to USCIS's discretion and outside the purview of judicial review." *Kondapally*, 557 F. Supp. 3d at 26 (collecting cases); *see, e.g.*, *Maldonado v. Sec'y v. Dep't of Homeland Sec.*, No. 6:20-cv-1277-PGB-DCI, 2021 WL 2939920, at *3 (M.D. Fla. Apr. 6, 2021) ("USCIS has discretion to decide whether denied I-485 applications are grounds for denying I-765 applications."); *Amrani*, 2025 WL 3653594, at *3 ("The consideration of employment-authorization applications is committed by law to USCIS's discretion, and neither statute, regulation, nor precedent limits USCIS's discretion."). And no appeal is available to challenge the denial of an I-765 application. *See* 8 C.F.R. § 274a.13(c).

In this case, Plaintiff has failed to establish that the Court has jurisdiction to review USCIS's decision denying her Subject Form I-765 under the APA. A pending I-485 application is a prerequisite for work authorization under Plaintiff's stated category, 8 C.F.R. § 274a.12(c)(9). *See Kondapally*, 557 F. Supp. 3d at 19; *Smith v. Garland*, No. 22-cv-1535, 2023 WL 3742978, at *6 (E.D. Wis. May 31, 2023). In its written decision, USCIS explained that it denied Plaintiff's Subject Form I-765 because she did not have a pending I-485 application when she filed the Subject Form I-765. Plaintiff's Form I-485 was denied on May 4, 2018, and Plaintiff filed the Subject Form I-765 on March 14, 2025. The immigration regulations

are clear: they provide that extensions of employment authorization beyond the initial denial of an I-485 application are committed to the agency's discretion. *See Maldonado*, 2021 WL 2939920, at *2-3 (holding that "USCIS has *discretion* to decide whether denied I-485 applications are grounds for denying I-765 applications[,] [as] [t]he regulations do not impose any textual limitations on that discretion or enumerate any standards by which a court may assess the merits of such determinations") (emphasis added); *see also* 8 C.F.R. § 274a.12(c). For that matter, "while USCIS may have determined that, as a matter of internal policy, I-765 applications as to which the underlying I-485 application is denied must also be denied, *that* policy determination was in the first instance an exercise of agency discretion, outside the scope of judicial review." *See Kondapally*, 557 F. Supp. 3d at 27 (footnote omitted) (emphasis in original).

Because USCIS's decision to deny Plaintiff's Subject Form I-765 is committed to the agency's discretion, the undersigned finds that the Court cannot review the denial of Plaintiff's Subject Form I-765 under the APA. *See, e.g.*, *Maldonado*, 2021 WL 2939920, at *3 (determining that the court lacked subject matter jurisdiction to review plaintiff's APA claim in the complaint, seeking relief from USCIS's denial of plaintiff's I-765 application for employment authorization); *Amrani*, 2025 WL 3653594, at *3 (concluding that the court lacked subject matter jurisdiction to review plaintiff's complaint, seeking judicial review of plaintiff's denied I-765 application, under the APA); *Garland*, 2023 WL 3742978, at *6 (finding that the court lacked subject matter jurisdiction to review plaintiff's complaint under the APA, challenging USCIS's denial of her I-765 application for employment authorization).

### B. The Mandamus Act

Plaintiff also seeks relief under the Mandamus Act, 28 U.S.C. § 1361. (Doc. 1 at ¶¶ 5, 9, 31). Federal district courts can issue writs of "mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (per curiam) (citation omitted). Mandamus relief is only available when (1) "the plaintiff has a clear right to the relief requested"; (2) "the defendant has a clear duty to act"; and (3) "no other adequate remedy is available." *See id.* at 1258 (citation omitted); *see also Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004). "Put another way, a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Cash*, 327 F.3d at 1257 (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *see Nikpanah v. United States Dep't of State*, No. 2:24-cv-00404-NAD, 2025 WL 374931, at *4 (N.D. Ala. Feb. 3, 2025) ("Thus, whether a plaintiff seeks a writ of mandamus . . ., the court only has jurisdiction where the plaintiff can identify a discrete, nondiscretionary—that is mandatory—duty for the agency to act.") (citations omitted). The party seeking a writ of mandamus "carries the burden of showing that its right to the issuance of the writ is clear and indisputable." *See Carpenter v. Mohawk Indus. Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (per curiam) (citation and internal quotation marks omitted).

Plaintiff is not entitled to the extraordinary remedy of a writ of mandamus. First, as noted above, the decision to grant or deny a Form I-765 does not involve a clear nondiscretionary duty. Defendants do not have a clear duty to rule in Plaintiff's favor on her

I-765 application. *See Aguilera v. District Director*, 423 F. App'x 916, 919 (11th Cir. 2011) (per curiam); *see also Cash*, 327 F.3d at 1258 (finding that the court lacked subject matter jurisdiction over plaintiff's mandamus claim because there was no clear duty to act); *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983) ("Mandamus does not lie to review the discretionary acts of officials.") (citation omitted). Second, given that Plaintiff is in removal proceedings, and as USCIS advised in its written decision, Plaintiff still has alternative remedies available to her. (*See* Doc. 10-1 at p. 1) (explaining that Plaintiff could file a motion to reopen and/or a motion to reconsider using Form I-290B, Notice of Appeal or Motion, if she believed the denial was in error) (citing 8 C.F.R. § 103.5); *Aguilera*, 423 F. App'x at 919 (indicating that plaintiff had additional remedies because he could challenge the denial of his Form I-485 application "and any other application for relief" in removal proceedings). Thus, for the foregoing reasons, the undersigned finds that Plaintiff has failed to establish that this Court has jurisdiction under the Mandamus Act.[6]

## IV. RECOMMENDATION

Accordingly, it is **respectfully recommended** that:

(1) Defendants' Motion to Dismiss (Doc. 10) be **GRANTED** under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

(2) Plaintiff's Complaint Seeking Review of Final Agency Action Pursuant to the Administrative Procedure Act and Alternative Request for Issuance of Writ of Mandamus (Doc. 1) be **DISMISSED without prejudice**.

---

[6] As the Court lacks subject matter jurisdiction over this action, the undersigned will not address Defendants' argument to dismiss the Complaint pursuant to Rule 12(b)(6). *Cf. United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) ("Jurisdiction is power to declare the law, so when it does not exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citation and internal quotation marks omitted).

**Recommended** in Ocala, Florida on December 19, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy